UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SIDNI ALFRED MOORE, | No. 2:23-cv-0204 AC P |
| Plaintiff, | |
| v. | ORDER |
| TRACY JOHNSON, | |
| Defendant. | |

      Plaintiff, a state prisoner, has requested appointment of counsel and appears to seek relief pursuant to 42 U.S.C. § 1983.

      Plaintiff has submitted what appears to be the first page of a § 1983 complaint brought against defendant Tracy Johnson for a violation that occurred at Folsom State Prison. ECF No. 1. Because the remainder of the complaint—including the factual allegations underlying plaintiff's claim(s) and plaintiff's signature—is missing, this case cannot proceed. Plaintiff has also failed to either file an in forma pauperis application or pay the required filing fee of $350.00 plus the $52.00 administrative fee.[1] See 28 U.S.C. §§ 1914(a), 1915(a). Plaintiff will be provided the opportunity either to submit the appropriate application in support of a request to proceed in forma pauperis or to submit the required fees totaling $402.00.

---

[1] If leave to file in forma pauperis is granted, plaintiff will still be required to pay the filing fee but will be allowed to pay it in installments. Litigants proceeding in forma pauperis are not required to pay the $52.00 administrative fee.

With respect to plaintiff's request for counsel, the United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

"When determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved.'" Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (quoting Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983)). The burden of demonstrating exceptional circumstances is on the plaintiff. Id. Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel.

Plaintiff seeks counsel on the grounds that he is indigent, his imprisonment will limit his ability to litigate, he has limited knowledge of the law, and counsel would be better able to represent him at trial. ECF No. 2. These circumstances are common to most prisoners and therefore do not demonstrate the necessary extraordinary circumstances warranting appointment of counsel. Furthermore, because a complete complaint is not yet before the court, it is impossible to determine plaintiff's likelihood of success on the merits. For these reasons, the motion for appointment of counsel will be denied.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for the appointment of counsel (ECF No. 2) is DENIED.

2. Within thirty days of the date of service of this order, plaintiff may file a complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The complaint must bear the docket number assigned this case.

3. Within thirty days of the date of service of this order, plaintiff shall also submit an application to proceed in forma pauperis on the form provided by the Clerk of Court, or the filing fee in the amount of $402.00.

4. Plaintiff's failure to comply with this order will result in a recommendation that this matter be dismissed.

5. The Clerk of the Court is directed to send plaintiff a copy of the prisoner complaint form used in this district and an Application to Proceed In Forma Pauperis By a Prisoner.

DATED: February 8, 2023

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE